UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELORES E. PASCHAL,**

       **Plaintiff,**

v.                                      **Case No: 6:22-cv-1581-PGB-LHP**

**SPECIALIZED LOAN
SERVICING, LLC,**

       **Defendant.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff Delores Paschal's Motion to Remand to State Court (Doc. 4 (the "**Motion**")) and Defendant Specialized Loan Servicing, LLC's response in opposition (Doc. 9). Upon consideration, the Motion is due to be denied.

**I.**      **BACKGROUND**

This case stems from a dispute over whether the property located at 4020 Eola Avenue, Titusville, Florida 32796 (the "**Property**") is encumbered by a mortgage held by Defendant. (Doc. 1-1). The mortgage arose when Plaintiff's son acquired bad title through forgery and manipulation, after which he passed bad title through divorce to Holly Paschal who encumbered the Property with the instant mortgage lien held by Defendant. (*Id.* ¶¶ 10, 13–20, 26–27). Plaintiff alleges that she was always the rightful titleholder of the Property, notes that a Florida Court has declared as much with respect to her son and his ex-wife, and

as such alleges the mortgage is void. (*Id.* ¶¶ 26–38). The face value of the mortgage encumbering the property is $16,000. (*Id.* ¶ 22). Plaintiff ultimately seeks the following relief: first, a declaration that the mortgage on the Property is void; and second, quiet title against Defendant. (*Id.*).

Plaintiff initially filed this case in Florida state court on August 9, 2022. (*Id.*). Defendant then removed this action to this Court on September 1, 2022, specifically arguing in its Notice of Removal that the amount in controversy exceeds the $75,000 threshold required for invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332 because the Brevard County Property Appraiser valued the Property in 2022 at $216,250. (Doc. 1, pp. 1, 4–5); Brevard County Property Appraiser, Account: 2107246, https://www.bcpao.us/PropertySearch/#/account/2107246 (last visited Oct. 13, 2022).¹ Plaintiff filed the instant Motion to Remand, arguing that the amount in controversy should be established by the face value of the disputed mortgage (i.e.,

---

¹ The Court notes that there is a discrepancy between Defendant's Notice of Removal, which correctly states the Property's appraised value is $216,250, and an attached affidavit in support of this valuation, which incorrectly states the Property's appraised value is $377,490. (Doc. 1, p. 5; Doc. 1-3, p. 1). However, the Court was able to access the Brevard County Property Appraiser website referenced by Defendant, which provides that the Property's 2022 appraisal was $216,250 and which further comports with Defendant's later attachment to the affidavit. (Doc. 1, p. 5 n.1; Doc. 9-1). While Plaintiff argues that such records are inadmissible, the Court finds that it may take judicial notice of this Brevard County public appraisal record. FED. R. EVID. 201(b) (the Court may take judicial notice of facts not subject to reasonable dispute that are "generally known within the court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Kahama VII, LLC v. Space Coast Builders & Contractors, Inc.*, No. 6:12-cv-454, 2013 WL 12161440, at *8 (M.D. Fla. Jan. 28, 2013) (taking judicial notice of specific Brevard County public record filings).

$16,000), not the appraised value of the Property (i.e., $216,250).[2] (Doc. 4, pp. 2, 5–9). Subsequently, Defendant responded in opposition, making this matter ripe for review. (Doc. 9).

## II.    LEGAL STANDARD

28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

The removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). To determine the amount in controversy, the court must review the removal documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). If a plaintiff fails to allege a specific damage amount, the removing party bears the burden of proving by a preponderance of the evidence that the amount-in-controversy threshold is met.

---

[2]    The parties agree that complete diversity exists between them. (Doc. 4, p. 3).

*Id.* at 1208–09. Beyond the face of the complaint, a district court may consider the defendant's notice of removal and evidence submitted by the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l., Inc.*, 268 F. App'x. 864, 866 (11th Cir. 2008)[3] (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). "In other words, the value of the requested [declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the [declaration] were granted." *Cohen*, 204 F.3d at 1077.

## III. ANALYSIS

At issue here is whether the amount in controversy is determined by the face value of the mortgage, which Plaintiff requests the Court declare as void, or instead the appraised value of the Property. Each alternative position finds at

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

4

least some support in the caselaw.4 In this case, moreover, the Court finds controlling caselaw is sufficiently on point that the value of the underlying property is the appropriate indicator of the amount in controversy.

Defendant directs the Court to binding cases which hold the underlying value of the property to be the better indicator of the amount in controversy. (Docs. 1, 9). "In suits to cancel a mortgage or remove a cloud to title, courts have said that the amount in controversy for jurisdictional purposes is equal to the value of the land, not the amount due on the mortgage." *Palacio v. Citi Mortg., Inc.*, No. 12–81058–Civ, 2013 WL 28276, at *1 (S.D. Fla. Jan. 2, 2013) (citing *Frontera Trans. Co. v. Abaunza*, 271 F. 199, 201 (5th Cir. 1921)5 ("the value of the lands, not the amount required to redeem [the mortgage], is the amount in controversy," where "decree [was] sought to prevent the defendant from using his mortgage and these notes for any purpose, and to clear up the title to this entire property"); *see also Eaton v. Onewest Bank*, No. 8:12-cv-2074, 2013 WL 12156112, at *2 (M.D. Fla. Feb. 15, 2013) ("when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). Here, the underlying value of the Property is

---

4  As such, the Court finds that removal was not objectively unreasonable and therefore denies Plaintiff's request for associated fees and costs.

5  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

$216,250, which is considerably greater than the statutory amount in controversy threshold.

Undeterred, Plaintiff points the Court to cases which use the face value of a mortgage on an underlying property as an indicator of the underlying monetary value of the relief sought.[6] For example, in *Holdeman v. Homecomings Fin., LLC* a Texas district court found that when a Plaintiff sought quiet title with respect to only one of two mortgages on an underlying property but where the right to property was not at issue *in its entirety*, the face value of the mortgage at issue was the appropriate indicator of the amount in controversy. No. H–14–3273, 2015 WL 730011, at *2 (S.D. Tex. Feb. 19, 2015). Putting aside the fact that this case is not binding on the Court, however, Plaintiff admits that "if the relief were denied . . . Defendant may foreclose." (Doc. 4, p. 8). While Plaintiff also contradictorily states there is not an "ownership dispute" here, the potential foreclosure of the Property puts the right of the entire property at issue. (*Id.*). Moreover, an offset approach is not an option for the Court as it cuts against

---

[6] Beyond the *Holdeman* case, Plaintiff further cites to a case which uses the face value of a mortgage to determine the amount in controversy, but there the face value of the mortgage exceeded $75,000 and, as such, the use of the mortgage's face value rather than the underlying value of the property itself was not at issue and employed without analysis. *Prop. Choice Group, Inc. v. LaSalle Bank Nat'l Ass'n*, No. 8:12-cv-1042, 2012 WL 2568138, at *1 (M.D. Fla. 2012) ("[The plaintiff] seeks to invalidate a $272,000 mortgage. The value of the mortgage at issue, and thus the amount in controversy, exceeds $75,000.").

In addition, Plaintiff cites to a case where the face value of several mortgages was used to calculate the amount in controversy, but there two financial entities were contesting rightful ownership of a group of mortgage loans—title to the underlying properties connected to individual mortgages within the tranche was not at issue. *Diversified Mortg., Inc. v. Merscorp, Inc.*, No. 8:09-cv-2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010).

binding precedent, which takes a different but also reasonable approach.[7] As such, Defendant has carried its burden to show that the amount in controversy is satisfied as the underlying value of the Property exceeds $75,000. Remand is thus inappropriate.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. 4) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 16, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[7] Perhaps if the issue were one of first impression, the Court would be inclined to agree with Plaintiff. After all, if the lien on the Property is not declared void, then Defendant may eventually foreclose the mortgage, but then Plaintiff would still receive the proceeds of the sale of the Property less the face value of the mortgage. In other words, it is not unreasonable to interpret the pecuniary value of this controversy as $16,000 (i.e., the face value of the mortgage).